UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BIANCA VILELA,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE JENNIFER L. VALENCIA, in her individual capacity; JUDGE RONALD G. RUSSELL, in his individual capacity; and JANE DOE, in her individual capacity,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:26-cv-00121-RJS<br><br><br>District Judge Robert J. Shelby |

Before the court is Defendants Judge Jennifer L. Valencia and Judge Ronald G. Russell's Motion to Dismiss[1] Plaintiff Bianca Vilela's Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983.[2]  Vilela seeks declaratory and injunctive relief, as well as monetary damages, for actions taken by the Judges while presiding over a state court civil action against her.[3]  For the reasons discussed below, the court GRANTS the Motion and dismisses the case.

## BACKGROUND and PROCEDURAL HISTORY[4]

Vilela is a Utah resident who is a defendant in civil debt collection proceeding in the Second District Court, State of Utah.[5]  Defendants are two Judges on the Utah Second District

---

[1] Dkt. 12, *Defendants' Motion to Dismiss Complaint* (*Motion*).

[2] Dkt. 1, *Complaint for Violations of Civil Rights under 42 U.S.C. § 1983* (*Complaint*).

[3] *Id.* at 99–105.

[4] The following facts are drawn from the *Complaint*.  In reviewing the Motion to Dismiss, the court "accept[s] as true all well-pleaded facts" and "view[s] those facts in the light most favorable to [Vilela]."  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998)).

[5] *Complaint* ¶¶ 8, 12.

Court who preside over matters relating to Vilela's state case.[6]  Additionally, Vilela also lists an unnamed clerk of the court as a third Defendant.[7]  Vilela brings this action against Defendants in their individual capacities.[8]

On May 17, 2018, the state court entered a default judgment against Vilela in favor of the plaintiff, judgment creditor Rose Lane Apartments.[9]  Nearly five years later, on February 6, 2023, Vilela filed a Motion for Relief from Judgment, arguing the default judgment was void because service of the complaint did not comply with the Utah Rules of Civil Procedure.[10]  On February 13, 2025, Judge Valencia—who became the presiding judge in the matter in January 2025—denied the Motion for Relief from Judgment as being untimely.[11]  Vilela appealed the decision to the Utah Court of Appeals. [12]  Her appeal remains pending.[13]  On June 10, 2025, Judge Valencia issued a Writ of Continuing Garnishment against Vilela.[14]  On December 22, 2025, Judge Valencia denied a motion filed by Vilela seeking to quash the writ of garnishment and issued an order to show cause (OSC) ordering Vilela to appear in court and explain why the court should not designate her a vexatious litigant.[15]  The following day, Vilela filed a Motion to

---

[6] *Id.* ¶¶ 9–10, 12.  Judge Valencia presides over the state case and Judge Russell ruled on a motion to disqualify Judge Valencia in that case.  *Id.* ¶ 12.

[7] *Id.* ¶ 11.

[8] *Id.* ¶¶ 9–11.

[9] *Id.* ¶¶ 15, 21.

[10] *Id.* ¶¶ 13, 17–18; *see also* Dkt. 12-3, *Motion to Vacate Void Order Utah R. Civ. P. 60(b), (3), (4).*

[11] *Complaint* ¶¶ 21; *see also* Dkt. 12-4, *Order Denying Defendant's Motion to Set Aside.*

[12] *Complaint* ¶ 20.

[13] *Id.*

[14] Dkt. 12–5, *Writ of Garnishment (Wage).*

[15] *Complaint* ¶ 13; Dkt. 1-3, *Order to Show Cause (OSC)*; *see also* Dkt. 12-6, *Motion to Quash Unauthorized Writ of Continued Garnishment for Want of Jurisdiction, Due to Pending Appeal*; Dkt. 1–2, *Ruling & Order Overruling Defendant's Objections and Motion to Quash Continued Post-Judgment Writ of Garnishment.*  The Complaint alleges Judge Valencia issued the OSC cause on December 23, 2025, but the OSC attached to the Complaint is dated December 22, 2025.  *See Complaint* ¶ 13; *OSC.*

2

Disqualify Judge Valencia alleging conflicts of interest and other procedural violations.[16]  Judge

Vilela scheduled a hearing on the OSC for February 17, 2026.[17]  On December 30, 2025, Judge

Russel, the reviewing judge, denied the Motion to Disqualify.[18]  Over the following weeks,

Vilela filed a litany of other pleadings and notices objecting to the Judges' recent orders.[19]

On February 11, 2026, just three business days before the OSC hearing, Vilela filed her

Complaint in this court, along with a Motion for Temporary Restraining Order to enjoin the state

court from holding the OSC hearing.[20]  On February 13, the court issued a docket text order

denying the TRO Motion, providing Vilela notice of the decision in the event she wished to

pursue some other avenue of relief before the OSC hearing.[21]  The court later released a

memorandum decision and order explaining the decision to deny the TRO Motion.[22]  The state

court held the OSC hearing as scheduled on February 17, 2026.[23]  Vilela did not attend the

hearing as ordered.[24]  The state court subsequently designated Vilela a vexatious litigant and

placed filing restrictions on her.[25]

---

[16] *Complaint* ¶¶ 13, 61; *see also* Dkt. 12-11, *Motion for Recusal of Judge Valencia*.

[17]  OSC; Dkt. 1-4, *Notice of Order to Show Cause*.

[18] *Complaint* ¶¶ 13, 119; *see also* Utah R. Civ. P. 63(c) (providing for a reviewing judge to consider and rule on a motion to disqualify a judge).

[19] *See* ¶ 13 (listing dates on which Vilela filed the following: Motion to Clarify; Objection to Preserve Record; Supplemental Objection; Notice of Doe's Violation of Rule 10(f), Notice of Void Proceedings; Emergency Notice of Falsified Docket Entries; and Objection to January 13 Order, and Notice Re Unsolved Rule 59(e)).

[20] *Complaint*; Dkt. 2, *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (*TRO Motion*).

[21] Dkt. 5, *Docket Text Order*.

[22] Dkt. 10, *Order Denying Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (*TRO Order*).

[23] *See* Dkt. 12-17, *Ruling & Order Declaring Defendant Bianca Vilela to be a Vexatious Litigant and Vexatious Litigant Order* at 1–2.

[24] *Id.* at 2.

[25] *Id.* at 10–11.

On March 24, 2026, Defendants filed the instant Motion.[26]  The Motion is fully briefed and ripe for review.[27]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move the court to dismiss a complaint for failure "to state a claim upon which relief can be granted."[28]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]  When determining whether a complaint meets this standard, the court will "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[31]  However, allegations that are mere "labels and conclusions," or "naked assertions devoid of further factual enhancement" are not sufficient.[32]  Nor are they entitled to the assumption of truth.[33]  Further, the court does not "weigh potential evidence that the parties might present at trial," but "assesses whether the plaintiff's complaint alone is legally sufficient

---

[26] *Motion*.

[27] *See Motion*, Dkt. 13, *Opposition to Motion to Dismiss* (*Opposition*); Dkt. 17, *Reply in Support of Defendants' Motion to Dismiss Complaint* (*Reply*); Dkt. 20, *Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Dismiss* (*Sur-Reply*).

[28] Fed. R. Civ. P. 12(b)(6).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[30] *Id.* (citing *Twombly*, 550 U.S. at 556).

[31] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[32] *Iqbal*, 556 U.S. at 678 (citation modified); *see also Gallagher*, 587 F.3d at 1068 ("Conclusory allegations are not enough to withstand a motion to dismiss.").

[33] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of [a] motion to dismiss [the court] must take all factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

to state a claim for which relief may be granted."[34]  Dismissal is appropriate when a "plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery."[35]

When considering a motion to dismiss a complaint filed by a pro se litigant, the complaint is "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[36]  However, a pro se party is not relieved of its "burden of alleging sufficient facts on which a recognized legal claim could be based."[37]

## DISCUSSION

Defendants argue the court should dismiss this action because Vilela cannot obtain declaratory or injunctive relief from them as the Complaint alleges claims against them only in their individual capacities and judicial immunity precludes any claims for monetary damages.[38] The court agrees dismissal is appropriate because the court cannot grant the relief Vilela requests.

## I.    Declaratory and Injunctive Relief is Unavailable for Claims Against Judges in their Individual Capacities.

Vilela's Complaint asserts claims for constitutional violations under 42 U.S.C. § 1983.[39] Section 1983 establishes liability for a person "who, under color of any [law] . . . , subjects, or causes to be subjected, any citizen of the Unites States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."[40]  In the context of § 1983 claims, "[p]ersonal-capacity suits seek to impose personal

---

[34] *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (citation modified).

[35] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[36] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[37] *Id.*

[38] *Id.* at 12–17.

[39] *Complaint* ¶¶ 295–464.

[40] 42 U.S.C. § 1983.

liability upon a government official for actions [taken] under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent."[41]  Therefore, "a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief," and may only recover money damages in such a suit.[42]  Defendants correctly argue because Vilela's suit does not bring claims against them in their official capacities, she cannot obtain declaratory or injunctive relief.[43]  Vilela names Defendants only in their individual capacities.[44]  The law is clear that Vilela may obtain only money damages for claims against officials in their individual capacities.[45]

Vilela nevertheless argues declaratory and injunctive relief remain available to her under "the course-of-proceedings approach."[46]  Under this theory, "where [a] complaint fails to specify the capacity in which the government official is sued, [courts] look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability."[47]  Vilela contends that the substance of the relief she seeks makes clear that the Complaint is brought against Defendants in their official capacities.[48]  However, while the course-of-proceedings approach is applicable where a complaint does not specify the

---

[41] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citations omitted); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of [a § 1983] suit because they assume the identity of the government that employs them.  By contrast, officers sued in their personal capacity come to court as individuals.  A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term 'person.'").

[42] *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022); *see also Hafer*, 502 U.S. at 23, 31 (holding state officials may be held personally liable for money damages under § 1983).

[43] *Motion* at 16–17; *see also Complaint*.  Note, the court cites the page numbers of the parties' briefs as a whole.

[44] *See Complaint* at 1.

[45] *Chilcoat*, 41 F.4th at 1214.

[46] *Opposition* at 15–16 (citing *Graham*, 473 U.S. at 167 n.14, and *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)).

[47] *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993).

[48] *Opposition* at 15–16.

capacity in which the official is sued, Vilela's Complaint plainly states that the Defendants are being sued in their individual capacity.[49]  Accordingly, declaratory and injunctive relief are unavailable.[50]  The court therefore grants the Motion with regards to said claims.[51]

## II.    Judicial Immunity Bars Plaintiff's Claims for Monetary Relief.

The court next turns to whether judicial immunity bars Vilela's claims for monetary damages.  The Supreme Court has held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."[52]  "A judge acting in his judicial capacity is absolutely immune from such suits, unless the judge acts clearly without any colorable claim of jurisdiction."[53]  In addition to judges, court clerks are also protected by judicial immunity for acts performed "as an official aide" to a judge.[54]  This absolute immunity applies to claims brought under § 1983, as it "allow[s] functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory § 1983 litigation."[55]

---

[49] *Complaint* at 1.

[50] Even had Vilela brought her claims against Defendants in their official capacities, the relief sought would still be unavailable.  Section 1983 precludes injunctive relief against judicial officers for judicial acts "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Vilela does not allege either circumstance exists here.  *See Complaint*.  Therefore, injunctive relief is precluded.  So too is the declaratory relief Vilela seeks.  The Eleventh Amendment extends immunity to state officials sued in their official capacity.  *See Williams v. Utah Dept. of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).  While "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law[,] . . . retrospective [declaratory] relief is not permissible." *Pecha v. Lake*, 864 F.3d 1100, 1104 (10th Cir. 2018) (citing *Green v. Mansour,* 474 U.S. 64, 68 (1985)); *see also Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1233 (10th Cir. 2010) ("[T]he Eleventh Amendment bars retrospective relief . . . because any such judgment is deemed directed at the state as the real party in interest rather than the nominal officer.").  Here, Vilela seeks only retrospective declaratory relief invalidating the Judges' previous judicial acts.  *See Complaint* at 101–102.  The relief sought is therefore not permitted.  The proper channel for Vilela to seek review of these decisions is through the standard appellate process in the Utah Court of Appeals.

[51] *Complaint* at 99–103.

[52] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

[53] *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (citing *Stump*, 435 U.S. at 356–357).

[54] *See Henriksen v. Bentley,* 644 F.2d 852, 855 (10th Cir. 1981).

[55] *Snell*, 920 F.2d at 686–687.

There are two exceptions to absolute judicial immunity under which recovering monetary damages may be permitted: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction."[56] In deciding whether an act is taken in a judge's judicial capacity, a court will consider "whether an act by a judge is a 'judicial' one relat[ing] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties . . . ."[57] This includes "acts made in the exercise of prosecutorial or judicial discretion."[58] With regards to the second exception, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."[59] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[60] A judge is immune if he or she "acts with 'at least a semblance of subject matter jurisdiction'."[61]

Defendants argue judicial immunity bars Vilela's claims for monetary relief because the actions Vilela challenges were "fundamental judicial acts," and the Judges had jurisdiction over the subject matter of the proceedings.[62] Meanwhile, Vilela argues Defendants are not entitled to judicial immunity because the Judges acted in the clear absence of all jurisdiction.[63] The court agrees with Defendants.

---

[56] *Stein v. Disciplinary Bd. of Sup. Ct. of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citation modified).

[57] *Stump*, 435 U.S. at 362.

[58] *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).

[59] *Stump*, 435 U.S. at 356.

[60] *Id.*

[61] *Derringer v. Chapel*, 98 Fed. App'x 728, 733 (10th Cir. 2004) (quoting *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983)).

[62] *Motion* at 21–23.

[63] *Opposition* at 16–18.

First, the Judges' actions referenced in the Complaint were unquestionably made in their judicial capacity.  Vilela claims the Judges violated her constitutional rights by issuing the Writ of Garnishment, the Order to Show Cause, and the Denial of Vilela's Motion to Disqualify Judge Valencia.[64]  These actions are clearly judicial acts, as they are functions normally performed by judges to the expectations of the parties.  And Vilela does not dispute that "judges ordinarily perform judicial acts when they issue orders or rulings."[65]  Therefore, the first exception to judicial immunity is inapplicable.

Second, the Judges did not act in the complete absence of jurisdiction.  The Second District Court of the State of Utah has "original jurisdiction in all matters civil and criminal."[66]  This includes jurisdiction over civil debt collection cases, such as the underlying state court action here.  Vilela argues that the Judges acted in a clear absence of jurisdiction because "the actions occurred in proceedings initiated by a non-juridical entity [Rose Lane Apartments], after authority had been divested, or outside required procedural frameworks."[67]  However, even if the court were to assume Vilela's assertion the Judges did not have jurisdiction over the specific underlying action, it is still insufficient to establish the Judges acted in the complete absence of jurisdiction.  Judicial immunity is inapplicable only when a judge acts in the "clear absence of all jurisdiction over the *subject-matter*," and not just in "excess of jurisdiction."[68]  As judges of a court of general jurisdiction "in all matters civil and criminal,"[69] Judge Valenecia has subject matter jurisdiction over debt collection cases, and Judge Russell has subject matter jurisdiction

---

[64] *See Complaint*.

[65] *Opposition* at 16.

[66] Utah Code Ann. 1953 § 78A-5-102(1).

[67] *Opposition* at 16.

[68] *Bradley*, 80 U.S. at 351 (emphasis added).

[69] Utah Code Ann. 1953 § 78A-5-102(1).

over motions to disqualify. Because both judges have jurisdiction over the subject matter before them, neither Judge acted in the complete absence of all jurisdiction, and both are entitled to judicial immunity.

Lastly, whether the Judges' actions were "outside required procedural frameworks" does not bear on whether judicial immunity is pierced, as a "judge will not be deprived of immunity because the action he took was in error . . . ."[70] The court therefore grants the Motion with respect to the remaining claims for monetary damages.[71]

## CONCLUSION

For the reasons discussed above, the Complaint fails to state a claim upon which relief can be granted. The court therefore GRANTS Defendants' Motion,[72] and DISMISSES the Complaint.[73]

SO ORDERED this 22nd day of June 2026.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge

---

[70] *Stump*, 435 U.S. at 1105.

[71] *Complaint* at 103–105.

[72] Dkt. 12.

[73] Dkt. 1.