UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BIANCA VILELA,<br>Plaintiff,<br><br>v.<br><br>JUDGE JENNIFER L. VALENCIA, in her individual capacity; and JUDGE RONALD G. RUSSELL, Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00121-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Plaintiff Bianca Vilela's Motion to Reconsider.[1] Vilela asks the Court to reconsider its Order[2] dismissing her claims under Federal Rule of Procedure 12(b)(6).[3] For the reasons discussed below, the court DENIES the Motion.

## BACKGROUND and PROCEDURAL HISTORY[4]

Vilela is a Utah resident who is a defendant in a civil debt collection proceeding in the Second District Court, State of Utah.[5] Defendants are two Judges on the Utah Second District Court who preside over matters relating to Vilela's state case, as well as an unnamed clerk of the court.[6] A default judgment was entered against Vilela in 2018, and Judge Valencia ordered a writ of garnishment against Vilela in 2023.[7] Vilela filed a motion to quash the writ of

---

[1] Dkt. 26, *Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(E)* (*Motion*).

[2] *See* Dkt. 22, *Memorandum Decision and Order* (*Dismissal Order*).

[3] *See generally Motion*.

[4] This Order contains a brief summary of the background facts. A full recitation of the factual background and procedural history is recounted in the Dismissal Order. *See id.* at 1–4.

[55] *Dismissal Order* at 1.

[6] *Id.* at 1–2.

[7] *Id.* at 2.

garnishment, which Judge Valencia denied on December 22, 2025.[8] Judge Valencia issued an order to show cause (OSC) ordering Vilela to appear in court and explain why the court should not designate her a vexatious litigant.[9] On February 11, 2026, Vilela filed her Complaint in this court, along with a Motion for Temporary Restraining Order seeking to enjoin the state court from holding the OSC hearing.[10] The Complaint asserted five claims under 42 U.S.C. § 1983 against Defendants in their individual capacities and sought declaratory and injunctive relief as well as money damages.[11] On February 13, the court denied the TRO Motion.[12] The state court then held the OSC hearing as scheduled on February 17, 2026, in which it designated Vilela a vexatious litigant and placed filing restrictions on her.[13]

On March 19, 2026, Vilela filed a Rule 54 Motion to Reconsider the denial of her TRO Motion.[14] On March 24, 2026, Defendants filed a Motion to Dismiss.[15] On June 22, 2026, the court granted Defendants' Motion and dismissed Vilela's claims.[16] The court concluded Vilela failed to state a claim for injunctive and declaratory relief because the Complaint was brought against Defendants only in their individual capacities, and such relief is available only for suits

---

[8] *Id.*

[9] *Id.*

[10] Dkt. 1, *Complaint*; Dkt. 2, *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (*TRO Motion*).

[11] *Complaint* at 64–105.

[12] Dkt. 5, *Docket Text Order*; Dkt. 10, *Order Denying Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (*TRO Order*).

[13] Dkt, 12-17, *Ruling & Order Declaring Defendant Bianca Vilela to be a Vexatious Litigant and Vexatious Litigant Order*.

[14] Dkt. 11, *Motion Under Rule 54(b) to Correct the Record* (*Rule 54 Motion*); *see also* Fed. R. Civ. P. 54(b) (stating the court may revise any order "that adjudicates fewer than all of the claims or the rights . . . than all of the parties" at any time).

[15] Dkt. 12, *Defendants' Motion to Dismiss Complaint* (*Motion to Dismiss*).

[16] *See Dismissal Order*.

brought against government officials in their official capacities.[17] The court further found that even if Vilela had asserted her claims against Defendants in their official capacities, claims for injunctive and declaratory relief against judicial officers are barred by 42 U.S.C. § 1983 and the Eleventh Amendment respectively.[18] The court also dismissed Vilela's claims for monetary damages because Defendants were protected by judicial immunity, and no recognized immunity exception applied to Vilela's claims.[19] In a separate Order, the court also denied Vilela's Rule 54 Motion as moot because Judge Valencia had already held the OSC hearing and designated Vilela a vexatious litigant.[20] On July 17, 2026, Vilela filed the instant Motion.[21] Vilela moves the court to reconsider both the Dismissal Order, as well as the Order denying her Rule 54 Motion.[22] The Motion is fully briefed and ripe for review.[23]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59 permits a court to alter or amend a final judgment.[24] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[25] The court may therefore consider a Rule 59 motion only when "the court has misapprehended the facts, a party's position, or the controlling law."[26] "It is not appropriate

---

[17] *Id.* at 5–7.

[18] *Id.* at 7 n.50.

[19] *Id.* at 7–10.

[20] Dkt. 21, *Order* (*Denial Order*).

[21] *Motion*.

[22] *Id.* at 3–17. The court cites to the pages in the document as filed rather than the Motion's internal pagination.

[23] *See Motion*; Dkt. 27, *Defendants' Opposition to Motion to Amend Judgment* (*Opposition*); Dkt. 28, *Plaintiff's Reply in Support of Federal Rule of Civil Procedure 59(E)* (*Reply*).

[24] *See* Fed. R. Civ. P. 59(e).

[25] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[26] *Id.*

to revisit issues already addressed or advance arguments that could have been raised in prior briefing"[27] The moving party bears the burden of persuasion in support of her motion.[28]

## DISCUSSION

Vilela advances five grounds on which she contends the court committed clear error: (1) the court misapplied controlling law when construing her Complaint as brought against Defendants only in their individual capacities; (2) the court did not address her *Ex Parte Young* arguments regarding prospective injunctive relief; (3) the court did not fully consider whether Judge Valencia lacked jurisdiction in the underlying case; (4) the court did not address her First Amendment retaliation claim; and (5) the court misconstrued Defendants' contested actions as judicial in function.[29] Vilela further contends the court erred in denying the Rule 54 Motion as moot.[30] The court addresses each argument in turn and concludes none merit relief.

### I. The Complaint Asserts Claims Against Defendants Only in their Official Capacities.

Vilela first argues the court erroneously treated her Complaint as lodged solely against Defendants in their individual capacities.[31]

In the Dismissal Order, the court outlined the relief available to plaintiffs asserting § 1983 claims against judges. Specifically, because § 1983 provides a mechanism to hold government officials personally liable for actions taken "under color of law," and suits against government officials in their official capacities are "action[s] against an entity of which an

[27] *Id.* (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

[28] *See Basic Rsch. L.L.C. v. Cytodyne Techs., Inc.*, No. 2:99CV343K, 2001 WL 740541, at *2 (D. Utah Apr. 6, 2001); *see also Andrus v. Hurricane City*, 2008 WL 1901702 (D. Utah Apr. 29, 2008) (denying a Rule 59(e) motion because the moving party had "not met the standards required").

[29] *Motion* at 4–17.

[30] *Id.* at 17.

[31] *Id.* at 4–5.

officer is an agent,"[32] "a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief."[33] The court thus concluded that Vilela could only obtain money damages against Defendants because she asserted her claims against them only in their individual capacities.[34]

In its analysis, the court rejected Vilela's argument that "the substance of the relief she [sought] makes clear that the Complaint is brought against Defendants in their official capacities."[35] The court acknowledged that courts may "look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability" when the "complaint fails to specify the capacity."[36] However, Vilela's Complaint "plainly states that the Defendants are being sued in their individual capacity."[37] Vilela contends the court erred because "the nature of the relief sought—not the plaintiff's capacity label—controls the analysis[,]" and "an action for injunctive relief no matter how it is phrased is against a defendant in official capacity only."[38]

This is the same argument in her Opposition to the Motion to Dismiss under "the course-of-proceedings approach,"[39] and the court directly addressed this in the Dismissal Order.[40] The court sees no clear error in its earlier decision on this issue. The court may look to the context of the claims only when the complaint—unlike here—fails to specify against what capacity the

---

32 *Dismissal Order* at 5–6 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

33 *Id.* at 6 (quoting *Chilcoat v San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022)).

34 *Id.* at 6–7.

35 *Id*. at 6.

36 *Dismissal Order* at 6 (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)).

37 *Id.* at 6–7 (citing *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022)).

38 *Motion* at 4–5 (quoting *Chilcoat*, 41 F.4th at 1214).

39 *See* Dkt. 14, *Opposition to Motion to Dismiss* at 15–16.

40 *Dismissal Order* at 6.

claims are brought.[41] Vilela contends the Tenth Circuit decision in *Chilcoat v. San Juan County*[42] requires the court to construe any claim against officials for injunctive relief as brought against their official capacity.[43] However, the complaint in *Chilcoat* "did not specify in what capacity" the claims were asserted.[44] By contrast, the Complaint here explicitly states the claims were brought against Defendants' individual capacities.[45] Accordingly, the court denies relief on this ground.

## II. Prospective Injunctive Relief Remains Unavailable.

Vilela next asks the court to amend its judgment because it did not address her *Ex Parte Young* argument that the Eleventh Amendment does not bar prospective injunctive relief here.[46] However, the Dismissal Order held injunctive relief was unavailable because (in addition to the Complaint being brought only against Defendants' individual capacities) "[42 U.S.C. §] 1983 precludes injunctive relief against judicial officers for judicial acts 'unless a declaratory decree was violated or declaratory relief was unavailable.'"[47] Vilela's claims are all asserted under § 1983 and despite her contention otherwise, she challenges judicial acts of Defendants—namely, issuing a writ of garnishment, denying a motion for recusal, and issuing sanctions.[48] Indeed, the Complaint states the claims are "based on documented judicial and clerical misconduct."[49] And

---

[41] *See Pride*, 997 F.2d at 715 ("[W]here the complaint *fails to specify the capacity in which the government official is sued*, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.") (emphasis added).

[42] 41 F.4th 1196 (10th Cir. 2022)).

[43] *Motion* at 5.

[44] *Chilcoat*, 41 F.4th at 1214.

[45] *See Complaint* at 1.

[46] *Motion* at 5–7.

[47] *Dismissal Order* at 7 n.50 (quoting 42 U.S.C. § 1983).

[48] *See Motion* at 9–17; *see also Complaint*; *Dismissal Order* at 9; *infra* at Section IV.

[49] *Complaint* at 1.

Vilela does not argue a declaratory decree was violated.[50] Accordingly, injunctive relief is not available under the statute and the court denies relief on this ground as well.

## III. Defendants did not Act in the Complete Absence of Jurisdiction.

Vilela next argues the court did not consider her arguments regarding Defendants' lack of jurisdiction over the underlying state court matter.[51] In concluding judicial immunity barred Vilela's claims for monetary damages, the court held the "clear absence of all jurisdiction over the subject-matter" exception[52] did not apply because "Judge Valencia has subject matter jurisdiction over debt collection cases, and Judge Russell has subject matter jurisdiction over motions to disqualify."[53] Vilela concedes Defendants have general jurisdiction over civil matters,[54] but contends the court erred by not considering the "Rule 17(b), standing, capacity, and jurisdictional issues" of the underlying debt claim against her.[55] The court already addressed this argument in the Dismissal Order.[56] Regardless, the court did not err in holding the exception did not apply. "A judge will not be deprived of immunity because the action he took was in

---

[50] *See generally Motion*.

[51] *See Motion* at 7–8.

[52] *See Stein v. Disciplinary Bd. of Sup. Ct. of N.M.,* 520 F.3d 1183, 1195 (10th Cir. 2008) (recognizing two exceptions to the broad judicial immunity doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction" (citation modified)); *see also id.* ("Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority . . . But where jurisdiction over the subject-matter is invested by law in the judge, . . . the manner and extent in which the jurisdiction shall be exercised are generally as much questions for [the judge's] determination as any other questions involved in the case." (quoting *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871)).

[53] *Dismissal Order* at 9–10.

[54] *See Motion* at 7 ("The Court concluded that judicial immunity applies because Utah district courts possess general jurisdiction over civil matters and because judicial immunity is defeated only when a judge acts in the complete absence of jurisdiction. Plaintiff did not challenge the general jurisdiction of Utah district courts over civil debt-collection actions."); *see also id.* at 7–8.

[55] *Motion* at 7–8.

[56] *See Dismissal Order* at 9 ("[E]ven if the court were to assume Vilela's assertion the Judges did not have jurisdiction over the specific underlying action, it is still insufficient to establish the Judges acted in the complete absence of jurisdiction.").

error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[57] A judge is immune if he or she "acts with 'at least a semblance of subject matter jurisdiction.'"[58] Because Defendants had subject matter jurisdiction over debt collection cases and motions to disqualify generally, their actions in Vilela's case are protected by judicial immunity. Accordingly, the court will not amend its judgment for this reason.

## IV. Defendants' Actions were Official Judicial Acts.

Vilela's next seeks amendment because "the court's judicial immunity analysis misapplied the functional test and failed to address the non-judicial functions reflected in the record."[59] The Dismissal Order states the judicial immunity exception did not apply because the challenged acts which allegedly violated Vilela's constitutional rights—the issuance of the writ of garnishment, the order to show cause, and the denial of the Motion to Disqualify Judge Valencia—were "clearly judicial acts, as they are functions normally performed by judges to the expectations of the parties."[60] Vilela contends the court erred in concluding these and other actions connected to Defendants were judicial acts because they served "disciplinary, investigative, and prosecutorial functions"; were "administrative, investigative, and enforcement conduct"; and constituted "nonjudicial advocacy in state-court."[61] The court disagrees.

In deciding whether an act is taken in a judge's judicial capacity, a court will consider "whether an act by a judge is a 'judicial' one relat[ing] to the nature of the act itself, *i.e.*, whether

---

[57] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted).

[58] *Derringer v. Chapel*, 98 F. App'x 728, 733 (10th Cir. 2004) (quoting *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983)).

[59] *Motion* at 9–17.

[60] *Dismissal Order* at 9.

[61] *Motion* at 9–19.

it is a function normally performed by a judge, and to the expectations of the parties."[62] This includes "acts made in the exercise of prosecutorial or judicial discretion" and "quasi-judicial" functions.[63] Here, the challenged actions—including issuing writs of garnishment following a default judgment, considering motions for recusal, and issuing sanctions against a party for misconduct—are all acts normally performed by a judge to the expectations of the parties.[64] And simply labeling those actions as "administrative," "prosecutorial" or "ministerial" does not reclassify them as nonjudicial acts.[65] The challenged actions are plainly judicial acts protected by judicial immunity, and the court denies the Motion on this ground.

**V. The Court Need not Address Vilela's First Amendment Arguments.**

Vilela additionally asks the court to reconsider the Dismissal Order because the court failed to address her First Amendment claims.[66] The court did not reach the issue because it concluded Vilela could not obtain any relief sought, be it injunctive, declaratory or monetary damages.[67] Even if Vilela prevailed on her First Amendment claim in its entirety, the court could not issue relief. Accordingly, the court need not address the merits of the claim. The Motion is therefore denied on this basis.

**VI. Vilela's Motion to Reconsider the TRO Denial Remains Moot.**

Lastly, Vilela challenges the court's decision to deny her Rule 54 Motion as moot.[68] The court previously concluded the Rule 54 Motion was moot because the OSC hearing had already

---

[62] *Stump*, 435 U.S. at 362.

[63] *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).

[64] *See Taylor v. Lawlor*, 2026 UT App 118, ¶ 22, 2026 WL 2266815 ("[T]he rules allow courts to punish truly frustrating litigants by finding them to be 'vexatious.'") (citing Utah R. Civ. P. 83)).

[65] *See Complaint* at 3.

[66] *Motion* at 8–9.

[67] *Dismissal Order* at 5–10.

[68] *Motion* at 17.

been held by the time she challenged the TRO Denial.[69] Vilela contends the Rule 54 Motion is not moot because she is still subject to the consequences of the vexatious litigant designation.[70] She is incorrect.

An issue becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[71] And "[a] request for an injunction becomes moot once the event to be enjoined has come and gone."[72] In her TRO Motion, Vilela requested an order enjoining Defendants from conducting the OSC hearing, "proceeding with any vexatious litigant designation," imposing sanctions, and retaliating against her.[73] Even if the court were to amend its Denial Order, it cannot afford Vilela this relief.

Additionally, the court already dismissed the Complaint in full.[74] Reversing the court's decision to deny the TRO Motion "'would have no effect in the real world because [the TRO Motion] ha[s] been superseded' by the district court's final order dismissing [Vilela's] claims on the merits."[75] Accordingly, the court will not reconsider its decision to deny the TRO Motion.

## CONCLUSION

For the reasons discussed above, the court DENIES the Motion to Reconsider.[76] The case remains closed.

---

[69] *Denial Order*.

[70] *Motion* at 17.

[71] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (citation omitted).

[72] *Gays Against Groomers v. Garcia*, 169 F.4th 981, 991 (10th Cir. 2026) (citation modified).

[73] *TRO Motion* at 8–9.

[74] *See Dismissal Order*.

[75] *Hernandez v. Grisham,* No. 20-2176, 2022 WL 16941735, at *7 (10th Cir. Nov. 15, 2022) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1112 (10th Cir. 2010).

[76] Dkt. 26.

SO ORDERED this 16th day of November, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge